Filed 9/23/20 P. v. Martinez-Delgado CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JESUS MARTINEZ-DELGADO,<br><br>        Defendant and Appellant. | B303417<br><br>(Los Angeles County<br>  Super. Ct. No. VA064201) |

THE COURT:

Jesus Martinez-Delgado appeals an order denying his petition for a writ of *coram nobis*.

Appellant was charged with two felony drug offenses. On May 11, 2001, he pleaded guilty to possession of cocaine base for sale. (Health & Saf. Code, § 11351.5.) The court found a factual basis for the plea. It sentenced appellant to 120 days in jail and three years of formal probation.

In April 2004, appellant ran a red light at high speed, nearly colliding with a police patrol car. When stopped, he failed

to produce a driver's license and said he was on probation for a narcotic offense. During a probation search, officers found a plastic bag with $1,320 in cash hidden in the dashboard, bullets, and bags hidden in the car door panels containing 24.95 grams of tar heroin and 22.79 grams of cocaine base. As a result, the court revoked appellant's probation and sentenced him to the midterm of four years in prison.

In 2019, appellant petitioned for a writ of *coram nobis*, alleging ineffective assistance of counsel. Counsel purportedly failed to advise appellant that entering a guilty plea made him subject to mandatory deportation. Appellant declared that he would have elected to proceed to trial, had he received proper advice. The court denied the petition.

We appointed counsel to represent appellant in his appeal from the denial of his petition. After examining the record, counsel filed an opening brief raising no issues. (*People v. Wende* (1979) 25 Cal.3d 436, 441–443.) We advised appellant that he could personally submit any contentions or issues that he wished to raise on appeal. He did not submit a supplemental brief.

In his signed guilty plea, appellant initialed boxes stating he discussed each waiver of his rights and consequence of his plea with his attorney and "I understand that if I am not a citizen of the United States, the conviction for the offense charged may have the consequences of deportation." At the plea hearing, appellant was warned, "If you are not a citizen, you are hereby advised that a conviction of the offense for which you have been charged may have the consequences of deportation." The record supports the court's finding that appellant "was clearly advised of the consequences of possible deportation" when he entered his plea.

We have reviewed the entire record and are satisfied that no arguable issue exists.  (*People v. Wende, supra,* 25 Cal.3d at pp. 441–443; *People v. Kelly* (2006) 40 Cal.4th 106, 125–126.)  The order denying appellant's petition is affirmed.

NOT TO BE PUBLISHED.

_____

LUI, P. J.　　　　ASHMANN-GERST, J.　　　　HOFFSTADT, J.